Dear Chief Hermes:
You have requested an opinion of the Attorney General regarding the practice of law enforcement agencies providing personnel who would otherwise be off-duty for additional security purposes at the request of both private and public entities. According to your letter, it is a common practice among law enforcement agencies to schedule willing law enforcement personnel for these security details and to allow the "off-duty" personnel to utilize departmental equipment, including uniforms, radios, and at times, patrol vehicles. The law enforcement officer is paid a mutually agreed upon rate, and payment is typically made directly to the officer. On some occasions however, particularly when the detail is performed for a public institution, the officer is paid by the law enforcement agency which is later reimbursed by the public institution. Specifically, you are interested in determining whether this practice is permissable in light of La. Const. Art.VII, Sec. 14.
As you are obviously aware, the Louisiana Constitution prohibits governmental entities from donating public funds, credit, property, or things of value to or for any person, firm or corporation, public or private. See: City of Port Allen v.Louisiana Municipal Risk Agency, Inc., 439 So.2d 399 (La. 1983).
Please be advised that it is the opinion of this office that law enforcement agencies can engage in the practice of scheduling "off-duty" officers to provide the additional security as requested by both public and private entities as well as to allow the use of agency equipment while such work is being performed. Such arrangements do not violate Art. VII, Sec. 14, but appear instead to be in the nature of a constitutionally sanctioned cooperative endeavor. See: Guste v. Nicholls College Foundation,564 So.2d 682 (La. 1983).
We note that the interests of the Ruston Police Department and the City of Ruston in their efforts to provide effective police protection are enhanced by having "off-duty" officers available at special events and details, with the added benefit of this availability being at no cost (for salaries and benefits) to the Department. Additionally, having officers detailed to cover specific events frees other "on-duty" officers to attend to other duties. Furthermore, as you noted in your letter, the practice provides a service to the local community as well as to the employing party, in that the participating law enforcement officers are then "on-call" if a greater community need arises.
We trust that this correspondence adequately addresses your concerns. Please do not hesitate to contact this office if we can be of further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ JEANNE-MARIE ZERINGUE BARHAM
Assistant Attorney General
RPI:JMZB:cla